An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW DAVID KIRSCHKE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65981

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order revoking probation and second amended judgment of conviction. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Matthew David Kirschke contends that the district court abused its discretion by revoking his probation. The district court's decision to revoke probation will not be disturbed absent an abuse of discretion. *Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974). Evidence supporting a decision to revoke probation must merely be sufficient to reasonably satisfy the district court that the conduct of the probationer was not as good as required by the conditions of probation. *Id.* "Due process requires, at a minimum, that a revocation be based upon 'verified facts' so that 'the exercise of discretion will be informed by an accurate knowledge of the (probationer's) behavior.'" *Anaya v. State*, 96 Nev. 119, 122, 606 P.2d 156, 157 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 484 (1972)) (alteration in original).

First, Kirschke claims that the State failed to demonstrate that he violated his probation. Kirschke acknowledges that, pursuant to NRS 176A.410(1)(o), he was prohibited from possessing sexually explicit

14-40294

material deemed inappropriate by his probation officer, but alleges that the State failed to meet its burden because his probation officer never saw the alleged sexually explicit material. Such a reading of the condition would produce an absurd result. *See Wilson v. State*, 121 Nev. 345, 357, 114 P.3d 285, 293 (2005) (this court construes statutory language to avoid absurd results). At the probation revocation hearing, a witness testified that Kirschke showed the witness his phone, on which was a website that showed a female with male genitalia in her mouth. We conclude that the district court did not abuse its discretion by finding that Kirschke's conduct was not as good as required by the conditions of his probation. *See Lewis*, 90 Nev. at 438, 529 P.2d at 797.

Second, Kirschke contends that he was not given sufficient notice regarding a violation the district court determined he committed, specifically that he was in or near a business that primarily has children as customers or conducts events that primarily children attend. We conclude that, while Kirschke did not receive advance notice, the district court did not err by considering the testimony as it was relevant to a condition of his probation. *See Jaeger v. State*, 113 Nev. 1275, 1285, 948 P.2d 1185, 1191 (1997) (Shearing, C.J., concurring) (recognizing that the dual nature of a revocation hearing, to determine whether there was a violation and, if so, whether revocation is warranted, necessitates the district court's consideration of other relevant factors, including a probationer's failure to conform to the requirements of his probation).

Third, Kirschke claims that the evidence presented at the revocation hearing did not establish some of the violations by verifiable

facts, namely that children were the primary customers of the business he frequented and that his game console could access the Internet.[1] Our review of the record on appeal reveals that the district court heard testimony from which it could reasonably infer that Kirschke's conduct was not as good as required by the conditions of his probation. *See Lewis*, 90 Nev. at 438, 529 P.2d at 797. Accordingly, we conclude that Kirschke has not demonstrated that the district court abused its discretion by revoking his probation and entering a second amended judgment of conviction, and we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                        Saitta

cc:    Hon. Elissa F. Cadish, District Judge
        Bush & Levy, LLC
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[1]As a condition of his probation, Kirschke was to "[n]ot possess any electronic device capable of accessing the Internet and not access the Internet through any such device or any other means" without approval from his probation officer.